Carey M. **HOROWITZ** LCIS 73622, Petitioner,

v.

C. Murray **HENDERSON**, Warden, Louisiana State Penitentiary, Respondent.

Civ. A. No. 19101.

United States District Court, W. D. Louisiana, Shreveport Division.

May 9, 1974.

James B. Wells, Bossier City, La., for petitioner.

Charles A. Marvin, Dist. Atty., 26th Judicial Dist., Minden, La., for respondent.

## AMENDED RULING

DAWKINS, Senior District Judge.

The United States Court of Appeals for the Fifth Circuit remanded this case with instructions that we clarify our holding as to whether petitioner was denied effective assistance of counsel at the time he entered his guilty plea, as well as at his sentencing.

In accordance with that order, we have considered the Supreme Court decisions in Tollett v. Henderson, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973), and Dukes v. Warden, 406 U.S. 250, 92 S.Ct. 1551, 32 L.Ed.2d 45 (1972).

In addition to our previous findings, based upon the State record, the unrefuted testimony of petitioner was that after counsel (Mr. Freeman) was appointed to represent him, he went to see the attorney who told him that if he testified in behalf of "Leo" (the retained client) that "I'll see to it that you get probation." (Tr. 83, 24–28.) He further testified that the sheriff told him he would receive a two-year probated sentence and that, when he went to Court for sentencing, he thought he merely had come to get "two years probation," but that his attorney was not present for sentencing.

We agree that a conflict of interest is not necessarily grounds upon which to vacate sentence, and that advice of an attorney to his client, whether right or wrong, would not be grounds necessarily to vacate sentence. Notwithstanding, it was, and is, our conclusion that when Court-appointed counsel deliberately sacrifices his client's basic interests in order to have him testify in behalf of a retained client in an effort to gain the latter's release, and the former was led to believe that, by doing so, he would obtain a probated sentence, and particularly when appointed counsel fails to appear with his client at sentencing, this clearly amounts to a *serious* conflict of interest. Obviously, such behavior by the lawyer does not come within the range of competence demanded of all attorneys.

Therefore, we determined, and now redetermine, that petitioner had totally ineffective assistance from his appointed counsel both when he entered his guilty plea and when he was sentenced.